**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 25 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re Application of: | ) |
| | ) 1:13-MI-0101 SCJ |
| Anna Aleksandrovna Sergeeva, *a natural* | ) |
| *Person and Citizen of the Russian Federation* | ) |
| | ) |
| Applicant. | ) |
| | ) |

### MEMORANDUM OF LAW IN SUPPORT OF EX PARTE
### APPLICATION FOR JUDICIAL ASSISTANCE IN OBTAINING
### EVIDENCE FOR USE IN A FOREIGN TRIBUNAL

Applicant Anna Aleksandrovna Sergeeva ("Ms. Sergeeva") respectfully

applies for an order under 28 U.S.C. § 1782 to obtain certain limited discovery

from Trident Corporate Services, Inc. ("Trident Atlanta") and from Ms. Gabriella

Pugh ("Ms. Pugh"), a Trident Atlanta employee, for use in court proceedings

pending in the Russian Federation.[1]   This limited discovery is vital to Ms.

Sergeeva's ability to combat her former husband's efforts to hide marital property

---

[1] This application may be filed *ex parte*. *See e.g., In re Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 685 F.3d 987, 992 (11th Cir. 2012) ("[T]he district court granted the ex parte application . . . ."); *In re Chevron Corp.*, No. 1:10–MI–0076-TWT-GGB, 2010 WL 8767265, at *5 (N.D. Ga. Mar. 2, 2010) ("§ 1782 ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (citation omitted).

in the parties' pending post-divorce property-settlement action.

As discussed in detail in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 247-48 (2004), Section 1782 provides for broad federal-court assistance in gathering evidence—both documents and testimony—for use in foreign tribunals. In *Intel,* after noting the continuing historical trend of expanding statutory support for evidence gathering to assist in foreign litigation, *id.,* the Supreme Court confirmed and effectuated the broad purposes of Section 1782. *Id.* at 264-65 (rejecting any "categorical limitations" on permitted Section 1782 discovery). Because she satisfies the statutory elements to obtain Section 1782 discovery and because each *Intel* factor favors this Court's exercise of its discretion, Ms. Sergeeva respectfully requests that the Court grant her Application.

## FACTUAL BACKGROUND

Ms. Sergeeva and Mr. Mikhail Leopoldovich Dubin ("Mr. Dubin"), citizens of the Russian Federation, divorced in 2011 and are currently litigating a property settlement as a result of the divorce. Affidavit of Dmitry Evgenievich Lovyrev, dated July 24, 2013, filed as Exhibit A ("Lovyrev Aff.") ¶¶ 6-7. This action was pending before Hamovnichesky District Court of Moscow and will be appealed to the Moscow City Court on or before August 5, 2013 ("Russian proceedings"). *Id.* ¶¶ 2, 46.

1113432.1

2

Under Russian law, Ms. Sergeeva would be entitled to at least half of the joint marital estate. However, Mr. Dubin is a wealthy businessman, who, during the marriage, created numerous off-shore companies to shelter assets and remove them from the marital estate. *Id.* ¶ 8. Accordingly, the central issues in the Russian proceedings are whether Mr. Dubin was the owner (or beneficial owner) of the stock in off-shore companies and whether he dissipated marital assets through those companies. If the court finds that Mr. Dubin, in fact, transferred assets out of the marital estate, Ms. Sergeeva would be entitled to half of the value of those interests and/or assets. *Id.* ¶¶ 8, 9. Alternatively, if the court finds that assets have been dissipated or transferred, the court may offset that value in the property settlement from Mr. Dubin. *Id.* ¶ 10. In the Russian proceedings, Ms. Sergeeva seeks her half of the shares in the offshore companies owned and controlled by Mr. Dubin and of the joint matrimonial property held by those offshore companies. *Id.* ¶ 11.

**1. Tripleton International Limited.** Through discovery ordered by the High Court of Justice of the British Virgin Islands, Ms. Sergeeva learned that Mr. Dubin was the beneficial owner of at least five companies incorporated and existing under the laws of the British Virgin Islands for which Trident Trust Company (BVI) Limited ("Trident Trust BVI") was the registered agent. *Id.* ¶¶ 13,

1113432.1

3

14. She also learned additional information about Tripleton International Limited ("Tripleton"), which was incorporated under the laws of the Commonwealth of the Bahamas during the marriage. *Id.* ¶¶ 3, 15. As of April 2012, Tripleton's registered agent was Trident Corporate Services (Bahamas) Limited ("Trident Bahamas"). *Id.* ¶¶ 19-20.

Mr. Dubin was the initial "director" of Tripleton; however, in 2002, Ms. Sergeeva's brother, Grigoriy Sergeev, was appointed by Mr. Dubin as Tripleton's sole director and was still recorded as such in April 2012, when divorce proceedings commenced. *Id.* ¶¶ 15, 18, 19, Exs. 6, 11. An investigation into the ownership of Tripleton's stock revealed that all shares were being held by a corporate entity on behalf of and at the instruction of an unidentified individual (i.e. the "beneficial owner").[2] *Id.* ¶ 16, 17, Ex. 5 ¶ 7. Ms. Sergeeva believes, and her initial investigation demonstrated, that the beneficial owner was indeed Mr. Dubin, which would entitle her to half of his interests in Tripleton's shares.

Discovery revealed that Tripleton opened and used bank accounts with Latvian bank, Citadele Bank. Citadele Bank confirmed that Mr. Dubin was the

---

[2] From January 8, 1999 through 2012, Guardian Nominees (Bahamas) Limited, another Trident affiliated entity, held the shares as a nominee shareholder for the beneficial owner. *Id.* ¶ 16, Ex. 8. In late 2012 or early 2013, Guardian Nominees (Bahamas) Limited was replaced by a new nominee shareholder, Unicorn (Nominees) Limited. *Id.* ¶ 16, Ex. 9.

beneficial owner of Tripleton and the authorized representative of Tripleton's bank accounts. *Id.* ¶ 17, Ex. 10. Importantly, Tripleton paid for the registered agent services of Trident Trust BVI for at least five BVI companies owned by Mr. Dubin. *Id.* ¶¶ 14, 17.

Mr. Sergeev (believing in good faith that he was Tripleton's sole director as of April 2012 according to the register of directors) authorized counsel to send a request to Trident Bahamas seeking documentation confirming that Mr. Dubin was the beneficial owner of Tripleton. *Id.* ¶ 20, Ex. 13. A representative of Trident Atlanta, Gabriela Pugh, responded to the request on May 18, 2013, advising counsel that Mr. Sergeev was no longer a Tripleton director and suggesting that he contact Tripleton's "owner" for more information. *Id.* ¶ 21, Ex. 15. Subsequently, Ms. Pugh confirmed via email that *Mr. Dubin was the owner of Tripleton* to which she had referred in her previous email. *Id.* ¶ 22, Ex. 17. On the basis of this correspondence, the Russian court issued an order freezing Tripleton's shares and assets. *Id.* ¶ 23, Ex. 19.

Mr. Dubin has wrongfully accused Ms. Sergeeva's counsel of a variety of misdeeds in attempts to frustrate Ms. Sergeeva's fruitful discovery. For example, he alleges that Ms. Pugh was somehow "tricked" into responding that Mr. Dubin was Tripleton's beneficial owner and that Mr. Sergeev was not authorized to seek

information (both of which Ms. Sergeeva disputes). *Id.* ¶ 26, Ex. 21. However, in that same letter, Mr. Dubin's counsel *admits* that as of August 9, 2012, Mr. Dubin was the "beneficiary owner" of Tripleton. *Id.* Later, Mr. Dubin asserted that Ms. Pugh's email correspondence was forged. *Id.* ¶ 27. Ms. Sergeeva attempted to contact Trident Atlanta for authentication of the correspondence with Ms. Pugh but has received no response to date. *Id.* ¶ 29.

Given Mr. Dubin's false protestations and argument that the email correspondence naming him beneficial owner of Tripleton was falsified, Ms. Sergeeva must depose Ms. Pugh to authenticate her correspondence. Ms. Sergeeva also seeks additional evidence of Mr. Dubin's beneficial ownership of Tripleton's shares because, on information and belief and as set forth below, he has taken additional steps to deceive the Russian court (and other courts) by transferring his interests in Tripleton while the Russian proceedings were pending.

**2. Mr. Dubin Has Frustrated Discovery.** Ms. Sergeeva sought discovery about Tripleton's beneficial ownership from Trident Trust Bahamas and obtained an Order from the Supreme Court of the Commonwealth of the Bahamas to pursue the discovery pursuant to a Letter Request from the Russian court. *Id.* ¶¶ 30, 31. Three days after service of the Bahamian Court Order, Tripleton moved to set

aside that Order, which remains pending. *Id.* ¶¶ 33, 50. Thus, no discovery has been allowed from Trident Trust Bahamas.

Unbeknownst to Ms. Sergeeva (or the Bahamian Court), Tripleton changed its registered agent from Trident Trust Bahamas to MMG Bahamas Limited on the same day that Trident Trust Bahamas was served the Bahamian Order. *Id.* ¶ 32, Ex. 27. This clandestine maneuver was not disclosed until the eve of the merits hearing on June 28, 2013, making it impossible to have a new Letter of Request issued to Tripleton's current registered agent in time for consideration by the Russian court. *Id.* ¶¶ 41, 61, 68. Further, it is unlikely that Trident Trust Bahamas will ever respond to Ms. Sergeeva's discovery, as it will claim that it forwarded Mr. Dubin's information and materials to the new registered agent. *Id.*[3]

**3. Current Status of Russian Proceedings.** The Russian court had been waiting on the execution of the Bahamian Letter of Request to proceed with a merits hearing. But given the delay caused by the pending motion, the Russian court instead asked Tripleton to submit evidence concerning the beneficial ownership of Tripleton in an effort to side step the delay caused by the discovery dispute in the Bahamas. *Id.* ¶¶ 37, 38. In response, Tripleton and Mr. Dubin

---

[3] A similar change in registered agent occurred when Ms. Sergeeva sought discovery from entities connected to Mr. Dubin in Cyprus. Consequently, those entities produced no documents and claimed to have transferred all of their records to the new registered agent or new directors. *See id.* ¶ 50.

7

submitted two new pieces of evidence on June 28, 2013 for the first time: (1) a letter of Trident Trust Bahamas addressed to the Registrar's office concerning the change in Tripleton's registered agent on October 16, 2012; and (2) a letter from the new registered agent dated December 7, 2012, naming not Mr. Dubin but Mr. Sergey Koshelenko as having been the only sole beneficial owner of Tripleton. *Id.* ¶¶ 38, 39 Exs. 27, 30. Mr. Koshelenko is a close friend of Mr. Dubin. *Id.* ¶ 40.

These letters, submitted on June 28, 2013 (over six months after purported execution) were surprising given the evidence that Ms. Sergeeva had previously obtained about Mr. Dubin's ownership. *Id.* ¶¶ 41-42. Notably, Trident Bahamas – the prior registered agent with knowledge of Mr. Dubin's involvement – submitted no documentation to the Russian court. *Id.* ¶ 43. Nor do the letters make sense in light of the evidence that Mr. Dubin was a signatory on Tripleton's bank accounts and that Tripleton paid the registered-agent services for ***Mr. Dubin's*** offshore companies serviced by Trident Trust BVI. *Id.* ¶¶ 14, 17, 42.

However, relying solely on Dubin's purported new evidence, the Russian court suddenly reached the merits of the property-settlement dispute that same day, despite the fact that Mr. Dubin served hundreds of additional documents, including the letters purporting to name Mr. Koshelenko as Tripleton's owner, during the last merits hearing. *Id.* ¶¶ 43, 44. Unable to obtain discovery from Trident Trust

1113432.1

Bahamas or to controvert the "new evidence," Ms. Sergeeva could not prosecute her claims concerning Tripleton, and the Russian court dismissed her petition for division of shares in Tripleton, finding Mr. Koshelenko to be its beneficial owner. *Id.* ¶ 45. Ms. Sergeeva will appeal that order on or before August 5, 2013. *Id.* ¶ 46. Despite the fact that the Russian court ruled against her, Ms. Sergeeva may still present new evidence to the appellate court under Russian law, including the discovery that she hopes to obtain from Trident Atlanta authenticating the email naming Mr. Dubin as Tripleton's owner. *Id*. ¶¶ 52-55, 68-69.

Under the circumstances, Ms. Sergeeva had no reasonable expectation before June 28, 2013 of a need to apply for discovery from Trident Atlanta and Ms. Pugh regarding evidence of Mr. Dubin's beneficial ownership of Tripleton. Having obtained the Letter Request to the Bahamas, Ms. Sergeeva reasonably expected to receive the necessary confirming evidence from Trident Bahamas. However, Mr. Dubin waited until the merits hearing on June 28, 2013 to disclose that Trident Bahamas was no longer the registered agent of Tripleton, rendering Ms. Sergeeva's pending discovery request to Trident Bahamas futile. *Id.* ¶ 58-61. Indeed, Mr. Dubin purposefully waited until the very last moment to disclose the supposed owner of Tripleton and change of registered agent so that Ms. Sergeeva could not pursue additional discovery before the court ruled on the merits. *Id*. ¶

1113432.1

9

62, 63. Under these circumstances, Ms. Sergeeva must be allowed to use new evidence in her appeal. *Id.*¶¶ 63-69. (The forthcoming appellate proceeding essentially tries the case again on the merits.)

**4. Discovery Sought by this Application.** Ms. Sergeeva seeks limited discovery from Trident Atlanta and Ms. Pugh to confirm that Mr. Dubin is (or was at the time of Ms. Pugh's email correspondence) the beneficial owner of Tripleton so that Tripleton's shares may be appropriately divided in her divorce property settlement or so that she may be credited with the amount of assets that he dissipated. She attaches to this motion two draft subpoenas for use if this Court grants her application. *See* Exs. B and C, filed herewith. In essence, she seeks a deposition of Ms. Pugh to authenticate her email correspondence and documents from Trident Atlanta to rebut the late-produced evidence in the Russian proceedings concerning Tripleton's beneficial ownership. *Id.*

The document requests are narrowly tailored to obtain only the information relevant to Tripleton and Mr. Dubin's ownership or connections to this entity. The document requests are similar to the other document requests served on the registered agents of Mr. Dubin's other offshore foreign entities that were deemed sufficiently narrow by the Russian Court (in issuing Letters of Request) and the responding Courts that have executed them. Lovyrev Aff. ¶ 71. None of the

requests seek information that would be privileged or inadmissible in Russian

courts. *Id.* ¶ 72.

As a result of Mr. Dubin's dilatory conduct in discovery by late disclosures

and Tripleton's secret change of registered agent from Trident Trust Bahamas,

mooting the pending discovery request, Ms. Sergeeva was unduly prejudiced.

Trident Atlanta and Ms. Pugh have information necessary to ascertain and derive

the ownership and assets of Tripleton. Thus, Ms. Sergeeva must turn to this Court,

which alone has jurisdiction over the U.S. Trident Atlanta office and Ms. Pugh and

which has the ability to authorize the production of documents necessary to further

Ms. Sergeeva's claims.

## MEMORANDUM OF LAW

### A.   Ms. Sergeeva's Application Satisfies the Requirements of Section 1782.

Discovery for use in a foreign tribunal is authorized under 28 U.S.C. §

1782(a), which provides, in pertinent part:

> The district court of the district in which a person resides or is found
> may order him to give his testimony or statement or to produce a
> document or other thing for use in a proceeding in a foreign or
> international tribunal, . . . . The order may be made . . . upon the
> application of any interested person and may direct that the testimony
> or statement be given, or the document or other thing be produced,
> before a person appointed by the court. . . . To the extent that the
> order does not prescribe otherwise, the testimony or statement shall be

taken, and the document or other thing produced, in accordance with
the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a) (emphasis added). Distilled and as relevant here, Section
1782 requires that: (1) the request must be made by an interested person; (2) the
request must seek testamentary, documentary, or other tangible evidence; (3) the
evidence be for use in a proceeding in a foreign tribunal; and (4) the person or
corporation from whom discovery is sought reside or be found in the Northern
District of Georgia. *In re Clerici,* 481 F.3d 1324, 1331-32 (11th Cir. 2007); *see
also Intel*, 542 U.S. at 246-47. If those elements are met (as they are here), the
district court has jurisdiction and authority to order the discovery requested.
*Clerici,* 481 F.3d at 1331-32.

Neither Trident Atlanta nor Ms. Pugh is a party to the Russian or Bahamian
proceedings. Trident Atlanta is a separate and distinct legal entity, incorporated
under the laws of the United States, from Trident Trust Bahamas, which is a party
to the Bahamian discovery proceedings. The Russian court does not have power
over the U.S. entities and citizen and cannot compel them to produce evidence. *In
re Roz Trading, Ltd.*, 469 F. Supp. 2d 1221, 1228-29 (N.D. Ga. 2006) (granting
Application where foreign court lacks jurisdiction over entities from which
applicant seeks discovery).

### 1.   Ms. Sergeeva is an "interested person" under the statute.

Ms. Sergeeva is an "interested person" under 28 U.S.C. § 1782(a) because she is a party to the foreign litigation for which she seeks discovery. *See Intel,* 542 U.S. at 256 (holding that "litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782" but that the scope of interested persons is even broader). Because Ms. Sergeeva is an "interested person" under Section 1782, this court does not need a foreign letter rogatory to grant this Application.[4] 28 U.S.C. § 1782(a) ("The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal **or** upon the application of any interested person.") (emphasis added).

As discussed at page 2 above, Ms. Sergeeva is presently litigating a post-divorce property-settlement action against her former husband, Mr. Dubin. *See* Lovyrev Aff. ¶¶ 6-7. This action was pending before Hamovnichesky District Court of Moscow and will be appealed to the Moscow City Court on or before August 5, 2013. *See id.* ¶¶ 2, 46. Ms. Sergeeva has thus satisfied the first element.

### 2.   This Application requests discovery covered by Section 1782.

---

[4] Though Russia and the United States have signed the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, the United States has not yet accepted Russia's accession to the Convention in accordance with Article 39 thereof. Lovryev Aff. ¶ 70, Ex. 34. Accordingly, Ms. Sergeeva files this application pursuant to 28 U.S.C. § 1782.

Ms. Sergeeva requests an Order compelling the production of documents in the possession, custody, and control of Trident Atlanta and a deposition of Ms. Pugh. Section 1782(a) expressly contemplates an interested party compelling documentary and testimonial evidence, stating that this Court "may direct that the testimony or statement be given, or the document or other thing be produced." 28 U.S.C. § 1782(a). Copies of the proposed subpoenas are attached hereto as Exhibits B & C. Ms. Sergeeva has thus satisfied the second element.

> 3. <u>Trident Atlanta and Ms. Pugh are residents of this District.</u>

A United States District Court may compel discovery from a person or entity that "resides" or "is found" in that district. 28 U.S.C. § 1782(a). This Application seeks discovery from Trident Atlanta and Ms. Pugh. Trident Atlanta is registered as a Georgia domestic for-profit corporation and is found in this District conducting business from its principal office at 3500 Piedmont Road, Suite 350, Atlanta, Georgia 30305. Likewise, Ms. Pugh, who is an employee of Trident Atlanta, resides in DeKalb County, Georgia. Ms. Sergeeva has thus satisfied the third element.

> 4. <u>The evidence is for use in a foreign tribunal.</u>

Ms. Sergeeva seeks evidence for use by her Russian counsel in proceedings pending before the Russian Federation courts against her ex-husband, Mr. Dubin. The civil law courts of the Russian Federation, which are traditional judicial bodies, easily qualify as foreign tribunals under Section 1782. Indeed, the United States Supreme Court has stressed the breadth of the word "tribunal" in Section 1782. *See Intel*, 542 U.S. at 248-49; *In re Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 685 F.3d at 995.

In addition, the evidence that Ms. Sergeeva seeks will be used in a matter that is presently pending. Ms. Sergeeva seeks this evidence for use in a direct appeal taken as a matter of right in the Russian Federation's civil law court of appeals; Ms. Sergeeva intends to file her appeal on or before August 5, 2013, which easily falls "within reasonable contemplation," which is all that is required. *See Intel*, 542 U.S. at 259 (permitting Section 1782 discovery for use in currently pending proceedings or for proceedings "within reasonable contemplation"). It makes no difference that the discovery would be used for an appellate tribunal. *See, e.g.*, *In re Application of Chevron Corp.*, 762 F. Supp. 2d 242, 249 (D. Mass. 2010) ("Given this assertion and the fact that the auto para sentencia order might be appealed or vacated, this court has not altered its approach to Chevron's instant Section 1782 application.").

Russian Federation law allows the introduction of new evidence at the appellate stage. *See* Lovyrev Aff. ¶¶ 52-55, 68-69. Specifically, Russian law permits parties to present new evidence in the court of appeal, where, as here, the applicant proves that she was unable to submit the evidence to the court of first instance for reasons that do not depend on her and the appellate court finds these reasons justified. *Id.* ¶ 54, citing Article 327.1(1) of the Russian Civil Procedure Code. The appellate court will retry the case, including a review of evidence, and is not limited to legal errors as in the U.S. Ms. Sergeeva is entitled to use the evidence she presently seeks based on the circumstances surrounding: (1) Mr. Dubin's and Tripleton's late disclosures; (2) Tripleton's conduct in the Bahamian proceedings of secretly changing Tripleton's registered agents thus precluding meaningful discovery from Trident Bahamas, and (3) the denial of Ms. Sergeeva's request for adjournment after the late disclosures. *Id.* ¶¶ 39-45, 56-69.

But, in any event, for this Court to grant her Application, Ms. Sergeeva need not prove now that the evidence she seeks will ultimately be admissible, *In re Application of Imanagement Servs.*, No. Misc. 05-89, 2005 WL 1959702, at **2, 5 n.4 (E.D.N.Y. Aug. 16, 2005)—just like American litigants do not need to demonstrate the ultimate admissibility of evidence before conducting discovery, *see* FED. R. CIV. P. 26(b)(1). This Court need not and should not weigh the

1113432.1

16

ultimate admissibility of this evidence because the Russian court, which can always choose to exclude the evidence should it deem the fruit of this discovery request "unwanted," is in a better position than this Court to make that determination. *In re Application of Imanagement Servs.*, 2005 WL 1959702, at \*5.

Ms. Sergeeva has thus satisfied the final statutory element.

## B.  Each element of the Supreme Court's *Intel* test weighs in favor of granting this Application.

Ms. Sergeeva's Application not only satisfies each of Section 1782(a)'s statutory requirements, but each of the discretionary factors identified in the Supreme Court's *Intel* decision also firmly support granting this Application. *See Intel*, 542 U.S. at 264-66. The discretionary factors are:

(1) whether the person from whom discovery is sought is a participant in the foreign case; (2) the nature and character of the foreign proceeding, and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the discovery request is an attempt to avoid foreign evidence-gathering restrictions; and (4) whether the discovery request is unduly intrusive or burdensome.

*London v. Does 1-4,* 279 Fed. App'x 513, 515 (9th Cir. 2008) *(quoting Intel*, 542

U.S. at 264-66).

1.   Trident Atlanta and Ms. Pugh are not participants in the foreign proceedings.

The first *Intel* factor is whether the person from whom discovery is sought is a participant in the foreign action. *See* 542 U.S. at 264. When the person from whom discovery is sought is a party to the foreign proceedings, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a non-participant in the matter arising abroad" because the foreign tribunal would, presumably, have the power to command the production of evidence from parties appearing before it. *Id.*; *but see Clerici*, 481 F.3d at 1334-35 (even where Clerici was a party to the foreign proceedings, because the foreign court could not enforce its order against Clerici directly, this factor did not weigh against Section 1782 assistance).

Neither Trident Atlanta nor Ms. Pugh are parties to the proceedings pending in the Russian Federation. Indeed, the Russian Federation has no jurisdiction over these two residents of the Northern District of Georgia. Furthermore, Trident Atlanta, as a corporate entity, is legally distinct from Mr. Dubin. It is also legally distinct from Trident Trust Bahamas, which is the subject of the Bahamian dispute.

A similar situation arose in *Lopes v. Lopes,* 180 Fed. App'x 874, 877 (11th Cir. 2006). In *Lopes,* a wife in a pending Brazilian divorce proceeding sought Section 1782(a) assistance to discover information about her husband's foreign assets from banks in south Florida. *Id.* The husband contended that the first *Intel*

1113432.1

factor weighed against granting the application because he was a participant in the divorce proceeding and the Brazilian court could therefore compel him to produce his own bank records. *Id.* The Eleventh Circuit soundly rejected this contention, concluding (like the district court), that "the entities from whom the discovery is sought are the banks, not the husband." *Id.*

Trident Atlanta and Ms. Pugh have information relevant to the proceedings pending in the Russian Federation, but they are not parties to those proceedings. The email sent from Ms. Pugh and Trident Atlanta concerning Mr. Dubin's beneficial ownership of Tripleton is a key fact in this case. Ms. Sergeeva seeks information directly from Trident Atlanta and Ms. Pugh, and the Russian courts have no power over them. *See In re Roz Trading, Ltd.*, 469 F. Supp. 2d at 1228-29. Further, the secret change in Tripleton's registered agent undermined and mooted the pending request to Trident Trust Bahamas, making Trident Atlanta and Ms. Pugh the ***only*** source of the evidence sought. Thus, the first *Intel* factor weighs in favor of granting this Application.

> 2.   The Russian Federation court and the Russian Federation's laws and rules are not hostile to the relief that Ms. Sergeeva seeks.

The second *Intel* factor states that "a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the

proceedings underway abroad, and the receptivity of the foreign government or the

court or agency abroad to U.S. federal-court judicial assistance." *Intel,* 542 U.S. at

264 (citing 1964 S. Rep. No. 1580, at 7). Naturally, where discovery pursuant to

Section 1782 will produce information that is relevant to the foreign dispute, as

here, it is more likely that the foreign court would be "receptive" to such evidence.

*See In re Servicio Pan Americano de Protection*, 354 F. Supp. 2d 269, 274

(S.D.N.Y. 2004) (granting discovery request under Section 1782 based in part

upon the court's finding that "the discovery Pan Americano is seeking would be

readily available and relevant to the [foreign] litigation"). Indeed, because Section

1782 discovery provides the foreign tribunal with additional discovery that it can

permit or reject, the grant of a Section 1782 application can *only* help a foreign

tribunal.

> Discovery in the federal court system is far broader than in most (maybe all) foreign countries, and it may seem odd that Congress would have wanted foreign litigants to be able to take advantage of our generous discovery provisions. The stated reason was by setting an example to encourage foreign countries to enlarge discovery rights in their own legal systems . . . . That might benefit U.S. litigants in those countries. And since the foreign court could always exclude the fruits of U.S. discovery, it seemed that allowing such discovery could only help, and not hurt, the foreign tribunal.

*See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011)

(Posner, J.). Nor even does a perception (absent here) that the foreign court does

not "need or want" the requested discovery require the denial of an Application. *See In re Chevron Corp.*, 709 F. Supp. 2d 283, 292 n.51 (S.D.N.Y. 2010) (noting that the European Commission involved in the seminal *Intel* case did not "need or want" U.S. federal court assistance).

The information sought by Ms. Sergeeva is necessary to the prosecution of her appeal in the Russian proceedings and is not otherwise available for several reasons. First, Ms. Sergeeva has been unable to obtain the information necessary by voluntary disclosure from Mr. Dubin or through discovery of Tripleton's registered agent(s) in the Bahamas due to the Tripleton's secret change of registered agent during the pendency of the Bahamian proceedings. Second, the Russian courts have no authority to compel any of the foreign registered agents, including Trident Atlanta and Ms. Pugh, to respond to produce documents or appear for depositions because they reside outside the jurisdiction of those tribunals. Therefore, Ms. Sergeeva relies on this 1782 application as the only mechanism to obtain discovery from Trident Atlanta and Ms. Pugh, both of whom reside in this district and over which this Court has jurisdiction. *See, e.g., London,* 279 Fed. App'x at 515 (holding that second *Intel* factor was met where the evidence sought was critical, including because it was needed to defend against allegations of fabrication).

1113432.1

Moreover, nothing suggests that the Russian courts and laws would be unreceptive to the taking or consideration of evidence obtained in the United States. Indeed, the Russian court has already issued four similar Letters of Request to the registered agents of Mr. Dubin's other foreign entities seeking similar information. Lovryev Aff. ¶¶ 70-71. And absent "***authoritative proof***" through declarations by Russia's executive, legislature, or judiciary "***specifically address[ing]*** the use of evidence gathered under foreign procedures," United States courts should defer to the equitable and efficacious Section 1782 discovery procedure enacted to benefit foreign litigants and tribunals. *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (emphasis added); *In re Application of Imanagement Servs., Ltd.*, 2005 WL 1959702, at *3. As the Second Circuit has noted, "dangers" of error exist when a United States court "seek[s] to discern foreign attitudes by an examination of discoverability." *Euromepa*, 51 F.3d at 1100 n.5. Moreover, this Court has previously granted a Section 1782(a) application for use in a Russian forum on many occasions. *See, e.g.*, *In re Application of Kolomoisky*, No. M19-116, 2006 WL 2404332 (S.D.N.Y. Aug. 18, 2006); *In re Application of Imanagement Servs., Ltd.*, 2005 WL 1959702, at *3; *In re Application of Imanagement Servs., Ltd.*, No. 05-2311, 2006 WL 547949, at *4 (D.N.J. Mar. 3, 2006) (noting that Russia and the United States are parties to the

1113432.1

22

Hague Evidence Convention which "supports a finding that the Russian court may be receptive to the evidence").

Last, because the requested discovery is narrowly tailored and will aid, and in no way hinder, the Russian court's adjudication of Ms. Sergeeva's appeal, the Russian court will be "receptive" to the requested discovery. *See Intel*, 542 U.S. at 265 (noting that Section 1782 relief should be granted where the requested discovery would be of assistance in the foreign proceeding); *Euromepa*, 51 F.3d at 1101 (stating that it is "far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright."). This factor therefore also weighs in favor of granting this Application.

3. Ms. Sergeeva has not filed her Application to circumvent any Russian Federation law, rule, or ruling.

Ms. Sergeeva has not filed this Application for an improper purpose or to circumvent any law, rule, or ruling by any Russian Federation court about the evidence at issue. Rather, Ms. Sergeeva seeks information that is directly relevant to the protection of her financial and family-law interests, which are the subject of a legal proceeding in the Russian Federation. Without Section 1782 relief, Ms. Sergeeva will be have no avenue to obtain information possessed by these

Northern District of Georgia residents about Mr. Dubin's valuable ownership interests in Tripleton. Given that there is no legal impediment in the Russian Federation that would obstruct Ms. Sergeeva's ability to maintain the instant Application (and certainly, no rule denying her access to such information), Ms. Sergeeva's Application is due to be granted. *See, e.g.*, *In re Application of Temporary Servs. Ins. Ltd.*, No. 09-MC-485, 2009 WL 2843258, at *2 (W.D.N.Y. Aug. 28, 2009) (granting discovery in pending litigation in Cayman Islands and noting "[i]t is difficult to perceive any reason why the Cayman Islands would not welcome this Court's assistance in discerning this information"); *In re Application of Kolomoisky*, 2006 WL 2404332 (no indication that applicant seeking discovery for Russian proceeding was attempting to circumvent foreign proof-gathering restrictions or other policies); *In re Application of Imanagement Servs., Ltd.*, 2006 WL 547949 (no showing that discovery application concealed attempt to circumvent Russian proof-gathering restrictions).

4.    The Application and discovery requests are narrowly tailored, not overly intrusive or burdensome, and are subject to the Court's review.

Section 1782 provides that the district court may grant discovery in accordance with the Federal Rules of Civil Procedure, which in turn permit parties to obtain discovery regarding any nonprivileged matter that is relevant. *See*

*Consorcio Ecuatoriano v. IAS Fonvarding (USA)*, 685 F.3d 987, 999 (11th Cir. 2012); *Weber v. Finker*, 554 F.3d 1379, 1384-85 (11th Cir. 2009). As discussed at page 10 above, although this broad mandate would authorize discovery well beyond what Ms. Sergeeva is presently seeking, Ms. Sergeeva has narrowly tailored her proposed discovery requests to confirm that Mr. Dubin is or was the beneficial owner of Tripleton and to rebut late-produced evidence about Tripleton's ownership produced by Mr. Dubin. *See* Exs. B & C. (subpoenas).

## RELIEF REQUESTED

For the foregoing reasons, Ms. Sergeeva respectfully requests that the Court grant her Application and enter an Order (1) directing Trident Atlanta to produce the documents requested in Exhibit B within 30 days of service of the Order upon them, (2) directing Gabriella Pugh to give testimony pursuant to the subpoena in Exhibit C within 30 days of service of the Order upon her, and (3) for such other and further relief as the Court deems just and proper. A Proposed Order is attached hereto as Exhibit D.

Respectfully submitted this 25th day of July, 2013.

Lisa R. Strauss
Georgia Bar No. 686943
Fredric J. Bold, Jr.
Georgia Bar No. 544604

1113432.1

25

**BONDURANT, MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Tel: (404) 881-4100
Fax: (404) 881-4111
*strauss@bmelaw.com*
*bold@bmelaw.com*

*Attorneys for Applicant Anna Aleksandrovna Sergeeva*

1113432.1

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(c) and 7.1(D).

This 25th day of July, 2013.

Lisa R. Strauss
Georgia Bar No. 686943
Fredric J. Bold, Jr.
Georgia Bar No. 544604